IRIZARRY, PLAINTIFF AND APPELLANT, *v.* RODRÍGUEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for a Declaration of Interruption of Prescription.

No. 2576.—Decided July 10, 1922.

PRESCRIPTION — INTERRUPTION OF PRESCRIPTION. — The physical and material possession of a property by the plaintiff in an action to interrupt the running of the statute of prescription can not prevent the defendant from acquiring an acquisitive title by prescription when the statutory period had already run in his favor before such possession.

ID.—ID.—It having been shown that two different properties were involved, the record of one of them in favor of the plaintiff could not interrupt the prescription in favor of the defendant as to the other.

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the appellant.

*Messrs. Benet & Souffront* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an action first brought in the municipal court of San Germán and was called an "Action for a declaration of interruption of prescription." The facts set up in the complaint showed that the defendant was attempting to con-

vert a possessory title to twelve acres of land into a dominion
title and that the complainant took this method of suit to
prevent the fruition of the dominion title. The complaint set
up further facts by which the complainant maintained that he
had occupied the land in question for a period of time which
would prevent the running of the prescriptive period. The de-
fendant set up in his answer, and unquestionably proved at the
trial, a documentary title, and hence the civil possession of
the land in question since the year 1882. Complainant showed
at the trial a title to a piece of land containing 34 acres,
and he and some of his witnesses gave testimony tending to
show that the 12 acres which the defendant was claiming
were part of the 34 acres. The court, however, found that
the land of the defendant was not included within the 34
acres; or in other words, that the two properties were sepa-
rate and distinct. We transcribe the opinion of the court
below:

"After an examination of the documentary and oral evidence,
as well as the pleadings of the parties, the court makes the following
findings of fact:

"That the property containing twelve acres and known as Peñon
was held under title of ownership from the year 1882 when posssses-
sory proceedings were instituted by Salvador Rivas, who sold it in
the year 1916 to Juan Mari, who in turn, sold it to José Romero.
Subsequently it became the property of Angel Rodríguez.

"That in the year 1917 the marshal of the municipal court of
San Germán delivered the possession of the said property to de-
fendant Angel Rodríguez, and that the plaintiff, by violence and
armed intervention, prevented the defendant's agent from continuing
in possession of the said property.

"That the said 12 acre property called Peñon does not form
part of the 34 acre property, this 34 acre property having been
recorded under a possessory title in the year 1896, or fourteen years
after that of the 12 acre property called Peñon, and that the
plaintiff never had any right, title or interest to or in the said
12 acre property, which is bounded on three sides by the 34 acre

property belonging to Pío Ortiz de Peña and claimed by the plaintiff to be a part thereof.

`"That Salvador Rivas, as well as Juan Mari, José Romero and Angel Rodríguez, former owners of the 12 acre property called Peñou, held this property as owners under just title, and that their possession thereof was uninterrupted until the plaintiff ejected therefrom the person charged by Angel Rodríguez with the administration of said property.

"That José Romero, Juan Mari and Angel Rodríguez, former owners of the property, were possessors in good faith and under color of title, and the right of defendant Angel Rodríguez originates from such former owners; that Salvador Rivas having held the property under a possessory title and recorded the same in the registry of property in the year 1882, the subsequent owners, they having purchased in good faith, took a better title than anyone else could hold, since such title was validated by prescription in ownership. Sections 1858 and 1859 of the Civil Code; *Maldonado* v. *Ramos et al.*, 24 P. R. R. 278.

"For the foregoing reasons the court has reached the conclusion that the law and the facts are in favor of the defendant and against the plaintiff and that therefore judgment should issue dismissing in all its parts the complaint filed by Francisco Irizarry Graciani against said Angel Rodríguez, with all proper pronouncements pertinent to the final disposition of this action."

Appellant says that the court treated the action as if it were one in revendication, instead of its being one to interrupt the running of the statute of prescription. The complainant gave testimony tending to show that he was in physical and material possession of the land in question for over a year and hence that the right to obtain a dominion title had been prevented. The court below, however, found, and we think by a preponderance of the evidence, that the 34 acres belonging to the complainant did not include the 12 acres belonging to the defendant. An examination into the question of the identification of the land of the defendant was highly proper, because if, as found by the court, the defendant and his predecessors in title had owned the lands

since 1882, the material occupation and possession of the said land by the complainant after the expiration of the statutory period could not prevent the accruing in the defendant of an acquisitive title. It would have already run in defendant's favor.

The complainant also maintained that his title to the 34 acres was recorded in 1896 and hence this would also be an interruption of the prescription, but if the land was not the same, as the court found, the recording of the 34 acres could in no wise be an interruption to the possession of another piece of land. This claim would only make more necessary the examination by the court of whether the alleged 12 acres formed a part of the said 34 acres.

Neither was there any infraction of sections 393 and 394 of the Mortgage Law. These sections permit the conversion into a dominion title after a lapse of twenty years, but from the year 1882, when the predecessors in title of the complainant first acquired possession, until the year 1917, when the complainant violently prevented the agent of the defendant from staying on the land, about 35 years had passed.

We have had some doubts as to whether there is such an action as an action for a declaration of interruption of prescription. However, interpreting the complaint liberally, it was an ordinary action to prevent the defendant from obtaining a dominion title. The defendant joined issue on this question and the court decided this issue in favor of said defendant.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.